HELEN J. G. REILLY,

*vs.*

HENRY C. CONRAD, Trustee by appointment of the Court of Chancery, WILLIAM H. BRISTOW, Administrator of Frederick H. Griffin, deceased, WILLIAM H. BRISTOW, BERTHA FRIEDLIEN, (formerly Bertha Bristow) and HERBERT FRIEDLIEN, her husband, and HENRY H. PRICE, devisees under the will of Frederick H. Griffin, deceased, and WILLIAM J. FISHER, Administrator of Annie H. Griffin, deceased.

*New Castle, Jan.* 10, 1911.

Certain land was conveyed to H. and G. in trust for G.'s wife for life, and after her death for G. for life, and on the death of the survivor then to convey to the child or children of G. and his wife, and the issue of such of them as might be dead leaving issue, on the youngest child attaining twenty-five years of age. *Held* that, G. having survived his wife and died, the trust terminated, and the title to the property should have been conveyed by the surviving trustee to the children of G. and his wife; they having all reached the age of twenty-five..

Certain property was conveyed to H. and G., in trust for G.'s wife for life, and after her death for G. for life, remainder on his death to their child or children, to be conveyed when the youngest child reached twenty-

five. The deed also provided that on the death of either of the trustees the survivor might appoint a new one. G., as surviving trustee, by deed appointed his son as co-trustee, and died, having survived his wife. Instead of conveying as trustee, the son in 1904, claiming that no-new trustee had been appointed, and that the legal title had descended to him, subject to the trust, as the eldest male heir of G., asked that he be relieved as trustee, and that C. be appointed to convey the trust property to those entitled. This prayer was granted, and C., as trustee, received from the son a conveyance of only a part of the property, and conveyed to the remaindermen, as tenants in common, such part freed from the trust. The son having died, his undivided interest in the part of the property so conveyed was sold to pay debts, and purchased by complainant, who was one of the remaindermen and had acquired the interests of all the others except the son. *Held* that, on the death of G., it was the son's duty, as sole surviving trustee, to convey the property to the remaindermen; they being then of the required age, and, eight years having expired since that time, it would be conclusively presumed in equity that he had done so; and that the remaindermen, therefore, had title to their respective shares in the whole property as tenants in common, discharged of the trust; and hence the appointment of C. as trustee, and the conveyances to him by the son as trustee, and by C. to the remaindermen, of a part only, where wholly nugatory, and the undivided interest of the son in the part not sold to pay his debts passed to his devisees, so that complainant could not compel a conveyance to herself thereof under the trust.

Where the sole remaining duty of a trustee is to convey the trust property to the beneficiaries, a conveyance will be presumed, if there be a sufficient reason for the presumption and the object of it be to support a just title.

*Johnston & Johnston*, for complainant.

THE CHANCELLOR: By the facts in the bill it appears that Dubre Knight and wife, in 1863, conveyed to Frederick E. B. Heintze and John A. Griffin a lot of land on Market Street, Wilmington, between Ninth and Tenth Streets, with a front cf 25 feet 6 inches on Market Street, to be held in trust for the benefit of Henrietta Helen Heintze Griffin, wife of John A. Griffin, for life, and to permit her to collect the rents thereof, and after her death for the benefit of John A. Griffin for life, with like power to him to collect the rents, and upon the death of the survivor of the life tenants then to grant, convey and

assure the trust property unto the child or children of John A. Griffin and Henrietta H. H. Griffin, and the lawful issue of such of them as may be dead leaving lawful issue, the above conveyance not to be made until the youngest child should attain twenty-five years of age.    It is further provided in the deed of trust that, upon the death of either of the trustees, the survivor should appoint a new trustee.    Frederick E. B. Heintze, one of the original trustees, died in 1865, leaving John A. Griffin to be the surviving trustee; and in August, 1902, John A. Griffin, by deed made pursuant to the deed of trust, appointed his son, Frederick H. Griffin, to be co-trustee; but no conveyance of the legal title was in fact made by this new trustee.    No such conveyance was necessary in order to vest the legal title in Frederick H. Griffin, for by the act of May 15, 1891, the appointment of the new trustee under the power in the deed operated to so vest the legal title in the new trustee. This act is printed in the *Revised Code* of 1852, amended to 1893, *p.* 709.

The trust clearly terminated by the death of John A. Griffin, which occurred on September 7th, 1902, he having survived his wife, who died in the year 1900.    Frederick H. Griffin then became the sole surviving trustee with the duty to convey the trust property to the children, then living, of his mother, Henrietta H. H. Griffin, if then over twenty-five years of age, and the issue of any of her children who were then dead. But there was no issue of deceased children of Henrietta H. H. Griffin.    At her death in the year 1900, she left to survive her three children, Helen J. G. Reilly, the complainant, Annie H. Griffin and Frederick H. Griffin, the last named being the trustee, and all three children were living at the death of their father, John A. Griffin, the surviving life tenant.

It is very clear, then, that on the death of John A. Griffin in 1902, it was the duty of Frederick H. Griffin, who then held the legal title in trust, to carry out the trust by conveying the trust property to the three children of his mother, namely, his two sisters, Helen J. G. Reilly and Annie H. Griffin, the remaining one-third share being his, both as the legal and equitable owner; that is to say, Frederick H. Griffin as trus-

tee for himself for an undivided one-third and for his two sisters, for each an undivided one-third.

Instead, however, of making proper conveyances, Frederick H. Griffin, in 1904, after the trust had terminated, represented by his petition to the Chancellor that no new trustee had been appointed by John A. Griffin in the place of Frederick E. B. Heintze, then deceased, ignoring the fact that John A. Griffin had appointed him, Frederick H. Griffin, the petitioner, to be co-trustee, as hereinbefore stated; and ignoring the appointment by him, Frederick H. Griffin, of James William Reilly to be co-trustee, in 1902; and ignoring the statute above referred to, by authority of which the legal title to the trust property vested in him by virtue of the appointment and without a conveyance having been made to him by John A. Griffin; but on the contrary alleged that the legal title had descended to him as the son and eldest male heir at law of the said John A. Griffin. By his petition he asked to be relieved as trustee and that Henry C. Conrad be appointed trustee to convey the trust property to those entitled, namely, Helen, Annie and himself, Frederick H. Griffin. Frederick H. Griffin, in his petition, further erred in describing the trust property as a lot of land with a front of twenty-five feet on Market Street, instead of twenty-five feet six inches. The Chancellor upon the petition discharged and removed Frederick H. Griffin as trustee, and appointed Henry C. Conrad trustee in his place to convey to Helen, Annie and Frederick the trust property; and ordered Frederick H. Griffin to convey the trust property to Henry C. Conrad, the new trustee, for that purpose, and this order was obeyed. In 1904 Frederick H. Griffin conveyed the title to a lot twenty-five feet front to Conrad, trustee, and Conrad, trustee, conveyed to Helen, Annie and Frederick the same twenty-five feet, free and discharged of all trusts.

The bill in this case is filed by Helen J. G. Reilly, claiming to have acquired the shares and interests of her brother, Frederick, and her sister, Annie, in the whole lot as described in the deed, namely, twenty-five feet six inches wide; and alleged that she had agreed to sell the whole lot, but found

that the proceedings in Chancery, above referred to, constituted a cloud on the title, and asked relief in two alternative forms: First, that this Court assume that the proceedings were valid, and as they relate only to twenty-five feet, to appoint a new trustee to convey to her the remianing six inches. Or, Second, that the Court assume that the appointments of Frederick H. Griffin, made by John A. Griffin, and the later appointment of James William Reilly as co-trustee, made by Frederick H. Griffin, were effective to vest in them respectively the legal title to all the trust property, and that the Court should then appoint a new trustee to carry out the provisions of the original deed of trust; and, also, by decree confirm the action of the Court of Chancery in appointing Henry C. Conrad, trustee; and that the trustee (meaning the new trustee) may be ordered to convey the property described in the deed of trust clear of trusts.

The defendants to said bill were, first, Henry C. Conrad, trustee; second, the administrator of Frederick H. Griffin, deceased; and, third, several persons, devisees under the will of Frederick H. Griffin; and, fourth, the administrator of Annie H. Griffin. Service was accepted and an appearance entered on behalf of the first and last named class of defendants, and publication made as to all the others, they being non-residents. No answers have been filed and the complainant has asked for a decree *pro confesso* and a decree in accordance with one or the other of the prayers in the bill, or for other relief.

It is alleged in the bill that Annie H. Griffin, by her will, devised all her estate and property to her sister, Helen J. G. Reilly, the complainant; and, further, that the administrator of Frederick H. Griffin, by virtue of an order of the Orphans' Court for New Castle County sold for the payment of debts of Frederick H. Griffin, which his personal estate was insufficient to pay, the interest of Frederick H. Griffin in part of the above lot, namely, twenty-five feet front, and the purchaser at this sale was Helen J. G. Reilly, the complainant, and she received from the administrator of Frederick H. Griffin a deed conveying to her his interest in the lot twenty-five feet wide. She did

not, by this proceeding, therefore, acquire the title of Frederick H. Griffin to the remaining six inches of the lot.

It is quite clear that the trust certainly terminated on the death of John A. Griffin in 1902, and thereafter it was the duty of the trustee to convey the whole of the trust property to Frederick, Helen and Annie, children of Henrietta H. H. Griffin, all of whom were then twenty-five years of age, as were they also at the death of their mother in 1900. Inasmuch, then, as the sole duty of the trustee was to convey the land constituting the trust property, will this Court now assume that this was done and that Frederick H. Griffin did, at the proper time, do what it was his duty to do, viz., upon the death of his father, John A. Griffin, convey as surviving trustee, then clearly holding the legal title in trust, the trust property to those entitled viz., to himself and his sisters, Helen and Annie, in equal shares as tenants in common? Is it a consequence of this assumption, that the legal as well as the equitable title to the whole tract did, without any conveyance being so in fact made by the then sole trustee, Frederick H. Griffin, actually vest in Frederick, Helen and Annie, so that they thereafter had a good title in fee simple to the land, clear of all trusts? Is it a further consequence of the above assumption, that as the legal as well as the equitable cr beneficial title to the trust property had actually vested in the beneficiaries under the deed, the Court of Chancery had no jurisdiction or power to affect or disturb their title by appointing a new trustee to do what had already been done, namely, pass to the beneficiaries the legal title; especially as the Court based its order on what now appears to have been an incorrect statement of the facts, chiefly the erroneous statement that there had been no one appointed trustee in place of John A. Griffin, deceased, and that the legal title to the trust property had in fact descended to Frederick H. Griffin as eldest male heir at law of his father, John A. Griffin, the deceased trustee?

Where the sole remaining duty of the trustee is to convey the trust property to certain persons, or to a then ascertained class of persons, it seems settled that the Court in a collateral

matter will direct a jury to presume a conveyance from the trustee to those entitled to it, if necessary or proper to perfect a legal title.   Also that where a court of law would have directed a jury to so presume, a court of equity may act upon the same presumption.   Three things, it is said, are required to raise such a presumption: (1) It must have been the duty of the trustee to convey; (2) there must be a sufficient reason for the presumption; (3) the object of the presumption must be to support a just title.   *Hill on Trustees*, 253; *Aikin v. Smith*, 1 *Sneed* (*33 Tenn.*) 304; *Read v. Power*, 12 *R. I.* 16.   In the latter case the Court did not think the circumstances would warrant such a presumption; and it seems in that respect to be an authority contrary to this opinion, and to the Delaware case of *Doe dem. McMullen v. Lank*, (below), which case would have supported such a presumption under facts appearing in the Rhode Island case.   No very definite general rule can be laid down as to the number of years, or the precise circumstances, which will be considered sufficient to support such a presumption.

Fortunately, we have in this State a reported case which seems to settle the law so clearly in favor of the assumptions made above, that I apply the principle thereof in this case; and hold that it will now be assumed by this Court in this case, that Frederick H. Griffin after the death of his father, and as the sole surviving trustee, did, as it was his duty then to do, convey the legal title to all the trust estate and property to those then entitled to have such property conveyed to them in equal shares as tenants in common; and that, as a consequence, Frederick, Helen and Annie became and were the owners in fee simple of the trust estate as tenants in common.   The case above referred to is one in the Superior Court, *Doe, on the Demise of McMullen v. Lank*, 4 *Houst.* 648, the facts of which are in some respects quite similar to the case now before this Court.   In 1837 Henry Hugg and Maria, his wife, conveyed land to Samuel McMullen, in trust to permit the said Maria Hugg to receive rents, etc., for her life, and upon her death, the trustee to stand seised for the use of Henry, Sarah and Jane T. Hugg, children of the above settlors; and should as soon as con-

veniently might be, convey the land to said children as tenants in common. Maria Hugg died in 1870, and said Henry, Sarah and Jane T. Hugg were then living. Samuel McMullen, the trustee, died in 1845. In 1871, a judgment was recovered against Henry Hugg, the younger, and his interest sold under process to the sheriff on the judgment and a deed made to the purchaser at the sheriff's sale. In 1874 an action of ejectment was brought, the persons named as lessors of the plaintiff in the action being the heirs at law of Samuel McMullen, the deceased trustee. It does not appear just how the question arose in the ejectment suit, and what connection the defendant, the tenant in possession, had with the legal title. But the Court in its opinion expressed itself very clearly on the law. The Court held: That upon the death of the trustee the legal tittle did not descend to his heirs at law generally, but to the eldest male heir at law, and this was conceded by the attorney for the plaintiff. Also as follows,

"On the death of Maria Hugg, the wife of the grantor, it became a purely dry or passive trust, and a dry legal estate merely vested in the trustee, the purpose of its creation having been fulfilled, and leaving nothing for him to do but to convey the legal estate to others as directed in the deed creating it, of whom Henry Hugg was one, and since the cases of *Lade v. Holford, Buller's N. P.* 110, and *England v. Slade,* 4 *T. R.* 682, we are bound to presume that that has been done, and that such an outstanding term or trust in his own trustee has been surrendered to Henry Hugg and the others entitled to the conveyance of the legal estate on her death, as directed in the deed."

In *England v. Slade,* 4 *Term Rep.* 682, a case referred to, land had been devised in trust for the testator's son and to convey to him immediately on his attaining twenty-one years of age, and in the meantime for his maintenance. The son attained twenty-one years of age in 1788, and in 1789 made a lease of the trust property, though no conveyance was proved. It was claimed that, as the legal estate was in the trustee, he and not the son should have made the lease, and, therefore, the lease was not valid as evidence of the plaintiff's right to maintain an eject-ment brought in 1791. *Held,* that the jury could presume a

conveyance from the trustee to the beneficiary upon his attaining twenty-one, and the Court cited *Lade v. Holford*, a decision by Lord Mansfield. The trustee was bound to convey and a court of equity would compel him. "But it is rather to be presumed that they did their duty." Here no long time had elapsed. In fact it was about four years between the time when the deed should have been made and the decision of the Court allowing a presumption of the execution of it.

The case of *Doe dem. McMullen v. Lank*, seems so clearly in point, and has been so long unquestioned in this State, so far as reported cases show, and is based on such a sound principle, that it is adopted and applied here. In each case the trust was to permit a married woman to occupy the trust property, or receive the rent thereof, for life; in each there was a direction to convey at her death to persons, or a class of persons; in neither case was there a conveyance by the person having the legal title to the persons entitled to have it; and in each case the question was raised soon after the death of the life tenant as to the necessity for a conveyance in order to vest in the beneficiaries the legal as well as the equitable title. In the reported case the duty to convey arose in 1870 and the Court in 1874 said that a conveyance was presumed to have been made; and this was said in a cause in a court of law in an ejectment suit, where the lessor of the plaintiff depended necessarily on having the legal title in order to succeed. In the case at bar the question of necessity for a conveyance arises in 1910, while the duty to convey arose in 1902. In the case of *England v. Slade, supra*, there was an interval of about four years. The lapse of a long time seems not to be necessary, therefore, in order to raise the presumption of a conveyance. The case of *Doe dem. McMullen v. Lank* is both sensible and, therefore, sound and applicable; and it will be presumed that Frederick H. Griffin after the death of his mother did convey the trust property to the three beneficiaries, as it was his duty then to do, and as this court of equity would compel him to do. This would be so held in any other Court, or in any legal proceeding where the question of the title arose collaterally.

It is to be noted, however, that it appears that this Court

has, in the proceeding referred to, taken a position that he had not conveyed; and therefore it may be claimed that in view of that finding it cannot as readily be now assumed by the same Court, that a conveyance was made by the surviving trustee. But such was not found by the Court in the proceeding had in 1904, because the Court acted on the representation that no trustee had been appointed by John A. Griffin prior to his death, whereby the legal estate was cast upon Frederick H. Griffin, the eldest male heir of said deceased trustee.    True, the Court did seem to hold that a conveyance was necessary, in order to give the beneficiaries the legal title; but in the absence of an opinion filed giving the views of the Court to that effect as a reason for the order made, it cannot be asserted that the Court found it necessary that a conveyance be made.    In any event, that decision does not militate against the duty of this Court now to presume performance of duty by Frederick H. Griffin, especially as he did not appear very reliable in stating facts, not having remembered that he himself had appointed Reilly trustee, and that he himself had theretofore been appointed trustee by his father.

The consequences of holding as above are, that the bill must be dismissed because the Court need not and cannot give the relief sought.    The complainant, Helen J. G. Reilly, by the deed of trust and by operation of law, became and is possessed of an undivided one-third interest and share in the whole lot of land.    As devisee of her sister, Annie H. Griffin, who at her death had a like share, she acquired another undivided one-third share in the whole lot of land.    By the proceedings in the Orphans' Court and the deed of the administrator of Frederick H. Griffin, who at his death had an undivided one-third interest in the whole lot, she acquired an undivided one-third share of a portion of the lot, viz., to twenty-five feet of it in front on Market Street, and did not acquire an interest in the remaining portion of the lot, viz., the six inches.    This last statement is absolutely correct, for at the death of the surviving life tenant, Frederick H. Griffin held the legal title to the whole in trust, among other things, to convey to himself an undivided one-third of the whole lot; and, as a consequence, there was as to his share then

a merger of the legal and equitable title to the extent of his interest. This was so held in *Mason v. Mason,* 2 *Sandf. Ch.* (*N. Y.*) 432. His entire ownership of the six inches, then, passed to his devisees. No decree of this Court in this or any other proceeding would be effective to transfer to the complainant this six inches of land; and she has, according to this opinion, already acquired all that she would be entitled to obtain, if a new trustee were appointed to convey the legal title to those now entitled to the trust property after the devolution in the title to the several interests since the death of the surviving life tenant. The relief asked for cannot be granted in any of the forms asked for, or, indeed, in any other form; and the only relief the Court can give is to appoint a trustee to convey to the complainant two undivided one-third parts of the whole and one other undivided one-third of twenty-five feet of the lot and to convey to the devisees of Frederick H. Griffin one undivided one-third part of the six inches of land. In view of this opinion, the Court will not make an order, which it considers so clearly unnecessary. To do so would require a conveyance by the complainant and the devisees of Frederick H. Griffin to a third person, in trust to reconvey to the same grantors the same land in the same proportions. Such a conveyance would be so manifestly an unnecessary formality that the Court will not order that it be made.

It is not inconsistent with this opinion to hold that the deeds executed pursuant to the order of the then Chancellor made on March 4th, 1904, viz., the deed of Frederick H. Griffin to Henry C. Conrad, trustee, and the deed of Henry C. Conrad, trustee, to Helen J. G. Reilly, Annie H. Griffin and Frederick H. Griffin, were valid and effective to transfer to the three beneficiaries the legal title to part of the trust estate, viz., to twenty-five feet of it in front on Market Street. All that this opinion holds is that those deeds were unnecessary and that without them the legal as well as the equitable title to the whole lot twenty-five feet six inches in front became so vested in the three beneficiaries.

No relief can, therefore, be given to the complainant, as asked for, and none other is needed or proper, and the bill must be dismissed.